# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:20-mj-00464-BNW-3 |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RICARDO DENSMORE, | |
| Defendant. | |

**I.  SUMMARY**

Magistrate Judge Brenda Weksler ordered Defendant Ricardo Densmore released on a personal recognizance bond as he awaits trial following a detention hearing. (ECF No. 18.) The government appealed Judge Weksler's order late on a Friday evening, and moved for a stay of his release pending the Court's resolution of the appeal. (ECF Nos. 6 (seeking stay), 12 (appealing Judge Weksler's order).) The Court granted the stay Friday night (ECF No. 7), and then held a hearing on the appeal the following Monday morning, June 8, 2020 (ECF No. 19 (the "Hearing")). Defendant filed a response over the weekend.[1] (ECF No. 11.) The Court finds that Defendant presents a flight risk, and that no conditions or combinations of conditions of release will reasonably ensure his appearance at pretrial hearings and trial. Thus, and as further explained below, the Court will order Defendant detained as he awaits trial.

**II.  BACKGROUND**

On June 4, 2020, the United States filed a criminal complaint against Defendant and two other defendants. The complaint asserts two counts against Defendant: one

---

[1] Defendant's response includes a motion seeking immediate release and challenging the government's authority to seek a stay of Judge Weksler's release order. (ECF No. 11 at 2, 9-10.) The Court denied that motion at the Hearing, reiterating that the Court has authority to stay Judge Weksler's release order pending its review of the government's appeal.

count of conspiracy to commit arson in violation of 18 U.S.C. § 844(n), and one count of arson, in violation of 18 U.S.C. §§ 844(i) and 2. (ECF No. 1.) The government alleges defendants set fire to a police car in Las Vegas during protests following the killing of George Floyd by Minneapolis police.[2] (*Id.*) The government even more specifically alleges that Defendant filmed his co-defendants setting fire to the police car, and then posted the video to his social media account. (*Id.* at 4-5.) The government also alleges that Defendant admitted to his involvement in the charged conduct, after being arrested and waiving his *Miranda* rights. (*Id.* at 6.)

## III.   DISCUSSION

The Court reviews the Magistrate Judge's Order under 18 U.S.C. § 3142(e) de novo. *See U.S. v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). This standard requires the district court to review the evidence presented to the magistrate judge, and any additional evidence presented, to "make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* at 1193.

The Bail Reform Act of 1984 "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *U.S. v. Gerbo*, 948 F.2d 1118, 1121 (9th Cir. 1991). A court may detain a defendant if it finds that there are no conditions or combination of conditions that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in [the] defendant's favor." *Gerbo*, 948 F.2d at 1121 (citations omitted). A finding that a defendant is a flight risk must be supported by a preponderance of the evidence, *U.S. v Aitken,* 898 F.2d 104, 107 (9th Cir. 1990), and that "a defendant is a danger to any other person or the

---

[2]George Floyd's killing by police officer Derek Chauvin triggered many protests all over the world, not just in Las Vegas.

2

community must be supported by 'clear and convincing evidence,'" *U.S. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting 18 U.S.C. § 3142(f)(2)(B)).

The charged offense of arson, 18 U.S.C. § 844(i), is among the enumerated offenses carrying a presumption that no condition or combination of conditions will be sufficient to permit a defendant to be released on bond, and therefore gives rise to a presumption of detention.[3] *See* 18 U.S.C. § 3142(e)(3)(C); *see also* § 2332b(g)(5)(B). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *Hir*, 517 F.3d at 1086.

Where a defendant presents evidence to rebut the presumption of flight risk or dangerousness, § 3142(g) requires the Court to consider available information concerning the following four factors in determining whether to detain or release a defendant: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person[. . .]; and (4) the nature and seriousness of the danger to any person or the community should the person be released." 18 U.S.C. § 3142(g); *see also Hir,* 517 F.3d at 1086. However, "[t]he presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *Hir*, 517 F.3d at 1086. Because the Court is required to consider all four factors in evaluating whether to detain or release Defendant pretrial, the Court will address each factor in turn.

///

///

---

[3] Apparently, the government did not argue this is a presumption case before Judge Weksler, but there no longer appears to be any dispute between the parties that this is a presumption case. Moreover, the Court's review is de novo, so there is no obstacle to the Court considering the presumption in addition to the § 3142(g) factors now.

### A. Nature and Circumstances of Offense Charged

The government argues this factor weighs against pretrial release because Defendant is charged with a serious and dangerous crime. (ECF No. 12 at 7.) As to danger, the government argues arson is a dangerous crime because Defendant and his co-defendants could have harmed peaceful protestors, police officers, and other first responders when they set the police car on fire. (*Id.*) Defendant, who is a young Black man, responded at the Hearing that his actions must be viewed in the context of his righteous indignation over the killing of George Floyd, which is just the latest example of police brutality against Black men, part of a long and tortured history of systemic racial oppression facilitated by the police. Thus, Defendant argues, his actions should be viewed as getting caught up in the intense emotions generated by his participation in a legitimate protest. And as to the government's more specific argument, Defendant countered that the videos proffered by the government did not show many people around the burning police car, so the offense was not as dangerous as the government makes it out to be.

Defendant's points are generally well taken, but do not convince the Court this factor weighs against release. The Court empathizes with Defendant's righteous indignation over Derek Chauvin's killing of George Floyd. However, arson is nonetheless a serious and dangerous crime. The Court finds the government's general argument that setting a police car on fire is dangerous, and could have harmed others, persuasive even though the video Defendant posted to social media of the incident did not show too many people immediately around the police car. (ECF No. 13 (videos of offense conduct).)

Moreover, arson is a serious crime because of the penalties Congress contemplates for those convicted of committing it. "Consideration of the nature of the offenses charged involves consideration of the penalties." *United States v. Townsend,* 897 F.2d 989, 995 (9th Cir. 1990). Here, Defendant faces a mandatory minimum sentence of five years, and a maximum sentence of 20 years. *See* 18 U.S.C. § 844(i), (n). The length of Defendant's potential sentence increases the risk that he will flee because the

possibility of a lengthy sentence incentivizes fleeing, where a shorter potential sentence might not. *See Townsend*, 897 F.2d at 995 (finding that the district court reasonably determined that defendants' lengthy sentence provided them with greater incentive to flee).

In sum, the nature and circumstances of the charged offenses weigh against release.

### B.    Weight of Evidence Against Defendant

This factor "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Thus, "[a]lthough the [bail reform] statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id.* (citations omitted). "[I]f the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Id.* (citation omitted). Accordingly, factor two "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.* (citing 18 U.S.C. § 3142(g) (remaining citation omitted)).

Here, as the government argues (ECF No. 12 at 7-8), the evidence against Defendant is strong. He filmed his codefendants setting the police car on fire, posted the video to social media on his account, and allegedly confessed to the crime after waiving his *Miranda* rights. (ECF Nos. 1, 13.) However, the presumption of innocence is of paramount importance in our criminal justice system. The Court therefore does not assign this factor much weight in the overall analysis.

But this factor, while the least important, also weighs against release.

### C.    History and Characteristics of Defendant

Under 18 U.S.C. § 3142(g), courts may consider "the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties,

5

past conduct, history relating to drug and alcohol abuse, criminal history, [and] record concerning appearance at court proceedings." *Motamedi*, 767 F.2d at 1407. Steady employment and financial resources demonstrate a tie to one's community, and weigh in favor of pretrial release. *See United States v. Honeyman*, 470 F.2d 473, 475 (9th Cir. 1972) (finding that the accused's steady employment and substantial financial resources, including real property, weighed in favor of pretrial release).

These factors weigh against release. The Revised Report[4] indicates that Defendant lacks the sort of ties that would reasonably assure his appearance at trial. To start, he does not have a fixed place to live in Las Vegas. He told the pretrial services officer he had been "bouncing around from place to place" at the time of his arrest. Second, while he returned to Las Vegas expecting to begin working again as a security guard for events (he was laid off due to the COVID-19 pandemic and travelled to Michigan to stay with his biological father for a couple of months), his supervisor told the pretrial services officer that Defendant did not have a job to return to due to employment-related concerns. Third, the financial information Defendant submitted does not indicate he would be able to support himself, especially given that he has no fixed address or job.

In addition, Defendant's history of failing to appear for court proceedings weighs against placing him on pretrial release. Defendant's relatively minor offenses spanning from 2014 to 2018 include one for contempt of court, and two failures to appear as to the most recent, and most serious, charges.[5] The contempt of court charge, and failures to appear, weigh against finding that the Court could reasonably expect Defendant to appear

---

[4]Much of Defendant's argument attacks the content of the initial pretrial services report prepared on Friday, June 5, 2020. (ECF No. 11 at 3-7, 9.) However, again, the Court's review of Judge Weksler's order is de novo. And the Court has before it a revised pretrial services report ("Revised Report") that was not before Judge Weksler, and which contains more information than the initial report.

[5]The earlier charge was petit larceny, and the more recent charges appear to stem from one incident where he was caught driving an unregistered car without insurance or a license.

6

for hearings and trial in this case.[6] *See Motamedi*, 767 F.2d at 1407 (noting the defendant's "record concerning appearance at court proceedings[]" is pertinent to this factor).

Moreover, Defendant's most recent offense, from February 2019,[7] is both serious and is concerning as it relates to his proffered pretrial release plan. Specifically, Defendant's first choice for pretrial release is to live with his friend Ms. Durant and her young daughter. The Court finds this plan problematic. First, Defendant has only known Ms. Durant for a "couple weeks." Second, it is unclear to the Court whether Ms. Durant is aware of Defendant's relatively recent conviction of domestic battery with a deadly weapon. Regardless, Ms. Durant told the pretrial services officer she would not be willing to serve as Defendant's third-party custodian. The Court does not find this ill-considered plan will reasonably assure Defendant's appearance at pretrial hearings and trial.[8]

All of this said, the Court understands from the Revised Report that Defendant has lived in Las Vegas since he was brought here as a foster child at age six, does not have a passport, and has never really traveled much outside of Las Vegas, except to stay with his biological parents in Michigan. The Court therefore does not question that Defendant considers Las Vegas home. The Court instead finds it problematic that Defendant lacks any of the ties to Las Vegas—a current job, a stable residence, family members—that would assure his appearance at pretrial hearings and trial.

---

[6]Especially considering that these are the most serious charges Defendant has ever faced. If he failed to appear for less serious charges, he is at least arguably less likely to appear to face the more serious charges he faces here.

[7]According to the government, the charge was for "beating a female victim with an aluminum pole[.]" (ECF No. 12 at 8.) Defendant does not dispute that he pled nolo contendere to this charge, but noted at the Hearing through his counsel he did complete the court ordered domestic violence counseling and 48 hours of community service.

[8]Defendant also offered, as a second choice, that he could stay with his biological father in Michigan. While Defendant's father indicated he would serve as Defendant's third-party custodian, this option was not explored by the parties in any depth. Should it later be determined that Defendant's father may act as a third party-custodian and assist Defendant to periodically return to Las Vegas for court proceedings, Defendant may have a basis to seek to reopen detention.

This factor—the history and characteristics of the defendant—thus also weighs strongly against release.

### D. Nature and Seriousness of Danger to any Person or the Community that would be Posed by Defendant's Release

The government argues this factor also weighs against release because the charged conduct reflected the culmination of an escalating series of events that Defendant captured on video, and uploaded to social media after the fact, indicating that Defendant was not 'caught up in the moment' or felt remorse for his actions. (ECF No. 12 at 10.) Specifically, the social media posts and videos that Defendant uploaded first showed him and his codefendants standing on top of a police car, then smashing out the windows and windshield of a police car with a bat or pole, then going to get gasoline, then returning to light a police car on fire. (*Id.*; *see also* ECF No. 13.) The government also mentioned at the Hearing the risk that Defendant may engage in similar conduct at future protests likely to occur after he was released. In gist, Defendant responded at the Hearing that, despite the timeframe, he was merely caught up in the moment, he felt remorse for what he had done, as evidenced by his confession, and the government's proffered concern about future protests is speculative.

The Court finds this factor neutral because the parties' arguments largely balance each other out. On the one hand, the Court agrees with the government that lighting the police car on fire reflected escalating conduct, and taking the time to post videos of the conduct on social media after the fact suggests that Defendant did not feel remorse for the charged conduct. On the other hand, the Court agrees with Defendant that the risk of Defendant engaging in similar conduct at future protests is speculative, because he has not committed similar conduct in the past, and the risk of future similar conduct depends on future protests occurring, and Defendant deciding to help light more police cars on fire (or engage in other potentially criminal conduct) even while he faces federal arson charges in this case. However, the Court finding this factor neutral does not affect the

Court's overall analysis too much because the other three factors weigh in favor of pretrial detention.

### E. Weighing the Bail Reform Act Factors

In sum, the Bail Reform Act factors, 18 U.S.C. § 3142(g), favor detention.[9] First, the factors discussed above tip the scales against pretrial release. Second, so does the presumption that applies in this case. *See Hir*, 517 F.3d at 1086. And the Court does not find Defendant has come forward with any persuasive evidence to rebut the presumption of pretrial detention that applies here. In sum, the Court finds that there are no conditions or combination of conditions that will reasonably assure Defendant's appearance as required. The Court will order Defendant detained as he awaits trial.

## IV. CONCLUSION

The Court notes the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is further ordered that the government's motion for review of Magistrate Judge Brenda Weksler's order releasing Defendant Densmore (ECF No. 12) is granted.

It is further ordered that Magistrate Judge Brenda Weksler's order releasing Defendant Densmore as he awaits trial (ECF No. 18) is vacated.

It is further ordered that Defendant Densmore be detained pending trial.

DATED THIS 9th day of June 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[9] While the Court decided not to detain Defendant's co-defendant Walker (ECF No. 19), whether to detain a defendant involves an individualized inquiry of the relevant factors under 18 U.S.C. § 3142(g).